IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOSE GALLEGOS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:17-CV-252 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS
PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON
IN STATE CUSTODY FOR FAILURE TO PAY FILING FEE**

Petitioner has attempted to initiate a federal habeas corpus proceeding in this Court. Petitioner has not, however, submitted any payment to satisfy the requisite filing fee but, instead, has submitted an Application to Proceed *In Forma Pauperis* together with a certified *in forma pauperis* data sheet from the institution in which he is confined.[1] Petitioner's February 14, 2018 data sheet reflects a balance of $83.95 as that date. Moreover, the data sheet also reflects deposits totaling $450.00 during the three-month period prior to attempting to initiate this proceeding.

Petitioner does not qualify for a grant of pauper's status. Petitioner possesses, has possessed, or has had access to, the funds needed to pay the $5.00 filing fee in the instant cause

---

[1] Petitioner submitted two data sheets to the Court on the same day, March 13, 2018. One data sheet is dated January 17, 2018 [ECF 18] and the other is dated February 14, 2018 [ECF 17]. Petitioner claims there was an error on his trust fund account but he does not explain the error. Petitioner apparently concedes he does not qualify for paper status by his statement, "Please allow me to have extension for my filing fees…" [ECF 17 at 2]. The filing of this Findings, Conclusions and Recommendation in effect gives petitioner additional time to pay the required filing fee. *See* below as to section entitled "Notice to Petitioner of Effect of Paying Filing Fee."

and should have included such payment with the submission of his application or subsequent to such submission.    Petitioner's application should be DISMISSED for failure to pay the requisite fee.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that petitioner's application to proceed *in forma pauperis* be DENIED, and that the habeas application filed by petitioner be DISMISSED for failure to pay the $5.00 filing fee.

## NOTICE TO PETITIONER OF EFFECT OF PAYING FILING FEE

If petitioner pays the $5.00 filing fee within fourteen (14) days after the "entered" date of these Findings, Conclusions and Recommendation, then the recommendation of dismissal will be withdrawn.

If, within fourteen (14) days after the "entered" date of these Findings, Conclusions and Recommendation, petitioner submits to this Court evidence that he has authorized his institution to disburse the requisite funds from his trust account by properly completing and submitting to the prison a Form I-25 entitled "Inmate Request for Withdrawal," then this case will be held in abeyance for thirty (30) days from the date of the Form I-25, pending receipt of the filing fee.    If payment has been received during the 30-day time period, the recommendation of dismissal will be withdrawn.    If no payment has been received at the end of the 30-day time period, the case will remain subject to dismissal.    It is petitioner's responsibility to monitor the disbursement of the requisite funds from his trust account, and ensure that such funds have been withdrawn and transmitted to the Court.    Petitioner shall advise the Court, prior to the expiration of the 30-day

IFP\GALLEGOS-252.BAL&DEPS:1

period, as to any legitimate reason why the funds will not be received by the Court within the time period.

Petitioner is advised that the payment of the filing fee will not guarantee that this Court will reach the merits of petitioner's application.

<u>INSTRUCTIONS FOR SERVICE</u>

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED March 29, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation.   In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.   Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).   **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."   Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.   A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court.   *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

IFP\GALLEGOS-252.BAL&DEPS:1